UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LING LA,<br><br>        Plaintiff,<br><br>    v.<br><br>SAN MATEO COUNTY TRANSIT DISTRICT,<br><br>        Defendant. | Case No. 14-cv-01768-WHO<br><br>**ORDER REGARDING DISCOVERY**<br><br>Re: Dkt. No. 62 |

    A month before the close of fact discovery, the parties presented a dispute over production from the defendant's *first* set of document requests, served only two months ago. While the joint letter focused on disagreements over ESI, the broader issues concern the breadth of the requests and the lack of production by the plaintiff. During the telephone hearing today, I expressed my incredulity and displeasure that these threshold issues are being raised so close to the end of fact discovery, evidencing that neither side has litigated the case at the standards expected in any court, let alone this one.

    I have no basis to question plaintiff's representation that there are thousands of emails in plaintiff's personal email account that make it necessary to develop an ESI protocol. That protocol should have been negotiated and agreed to *last* summer. I note that it is simple to search one's emails by date and by name of recipient(s)/sender(s), and that the relevant time frame for this case is relatively narrow. That leads me to think that the quickest and surest way to produce the relevant, unprivileged documents is for plaintiff and her counsel to identify them and to print them out rather than sort by means of still-to-be-negotiated search terms and produce them pursuant to a still-to-be-negotiated ESI protocol, but that is the parties' decision to make.

    My decision is to get this case back on track. The parties are ordered to meet and confer in

1 the morning on **May 29, 2015** to agree on the ESI protocol if it is necessary.  The potential ESI

2 discovery at issue here is not the sort that warrants cost-shifting, and defendant will not be

3 required to cover plaintiff's costs.

4 Defendant's requests for production, for the most part, identify specific issues that are

5 relevant to the claims and defenses in this case.  Plaintiff is ordered to produce all relevant,

6 responsive documents to each of defendant's requests except Number 4 by **June 8, 2015**, and by

7 that date to produce a privilege log that adequately describes each document withheld (including

8 the date of the document, a brief description, the sender/recipient, and basis for withholding).

9 Plaintiff need not list any communications solely with her litigation counsel because they are

10 obviously protected by the attorney-client privilege.

11 If plaintiff asserts that a particular request is overbroad, she shall produce the documents

12 that she believes are relevant to that request according to her *reasonable* interpretation of it, and

13 explain by **June 8, 2015** in a supplemental response how she narrowed the request.  If defendant

14 disagrees, it shall meet and confer with plaintiff by **June 10, 2015**.  Further delay in this case is

15 unacceptable.  It should go without saying, but it seems to be necessary in this case, that I expect

16 the parties to work in good faith and to cooperate with each other in order to complete discovery

17 within the deadlines set forth above and in the Civil Pretrial Order.

18 **IT IS SO ORDERED**.

19 Dated: May 28, 2015

WILLIAM H. ORRICK
United States District Judge